## EX PARTE VICTORY REED.

*No. 841.   Decided December 5.*

**Habeas Corpus to Recover Custody of a Child—Jurisdiction.**—A habeas corpus sued out by a parent to recover possession and custody of a child is a civil proceeding, and the Criminal Court of Appeals, as organized under the amended Act of 1889, has been deprived of jurisdiction of such cases, the object of that amendment being to separate entirely the criminal from the civil jurisdiction in appellate proceedings.

APPEAL from the County Court of Bowie. Tried below before Hon. J. J. KING, County Judge.

The opinion states the case.

No briefs on file.

SIMKINS, JUDGE.—Relator filed her application for a writ of habeas corpus before Hon. J. J. King, county judge of Bowie County, alleging that her daughter, Adar Reed, a minor under the age of 12 years, was held and illegally restrained of her liberty by one Eugene Burnett, who was in no way related to said child. But that, as her mother, relator was entitled to the custody of the child, and prayed that the said Adar be brought before the court, that justice might be done. Respondent Burnett, answering, moved to dismiss the writ, because the petition was insufficient, and the writ was not under seal. The writ, as issued, was signed by the judge himself. The respondent further answered, that the child was delivered to him by its grandmother, in early infancy, with the mother's consent, who was a dissolute woman, and unfit to raise it; and that respondent had taken care of the child ever since. The court sustained the motion to dismiss, and relator appealed to this court.

We must also dismiss this appeal. It is a civil proceeding, and this court can not entertain civil appeals. Whatever appellate jurisdiction we may have had in such matters, prior to the adoption of the amendment of 1889, was unquestionably taken away by it. For the very object of that amendment was entirely to separate the criminal from the civil jurisdiction in appellate proceedings. We say it is a civil proceeding, for, though the theory of the writ in such cases is, that it relieves from improper restraint, yet the true question in the proceeding is to determine what is for the best interest of the child—in whose custody it should be placed.

But even if we had jurisdiction in such cases, this cause is not properly before us. What purports to be the original papers in the case are sent up here, and called a transcript. The attention of the county clerk and the attorney for relator is called to Willson's Criminal Statutes, sections 2658–2661.

The appeal is dismissed.

*Appeal dismissed.*

Judges all present and concurring.