ISOM v. WHITE et al.

No. 2572.

Court of Civil Appeals of Texas. Eastland.

Oct. 25, 1946.

Ben L. Cox, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

GRAY, Justice.

This is an appeal from an order of the 104th Judicial District Court of Taylor County, Texas, granting a change of venue on a plea of privilege to the 96th Judicial District Court of Tarrant County, Texas. The suit involves the custody of a minor child.

Appellant Ben L. Isom and appellee Nora Lee White were formerly married to each other, and one child, Lois Marie Isom, was born of their said marriage. In February, 1946 appellant was granted a divorce from appellee in said 104th District Court of Taylor County, but the custody of said minor child was not litigated and no order made as to its custody. Soon after said divorce was granted each of said parties married again, but appellee, who became the wife of George O. White, seems to have had the child in her care and custody until the beginning of this controversy. On May 28, 1946, appellee, joined by her husband, filed suit in said 96th District Court of Tarrant County against appellant for cus-

tody of said child, alleging that she had been in possession of said minor child from the date of said divorce to the date May 28, 1946, but that on said date, without her knowledge or consent, said defendant "stole and kidnapped said child from the backyard of her home in Fort Worth, Texas, and carried said child to his home in Abilene, Texas." Said court set the case for hearing on June 4, 1946, on the matter of temporary custody of said minor child pending final hearing thereon, which order was duly granted on said date and precept ordered issued.

In the meantime, on May 30, 1946, appellant filed suit in the 104th District Court of Taylor County, alleging among other things, that said minor child was in his possession and custody in Taylor County, and prayed for an order of court granting him temporary custody until a hearing be had on its permanent custody. This court on the date of filing entered an order granting such temporary custody and setting June 25, 1946, for hearing on its permanent custody. Appellees filed their plea of privilege to be sued in Tarrant County on June 12, 1946, which was duly controverted. The hearing on same was had on July 5, 1946, and the plea of privilege granted, resulting in this appeal.

The care and custody of said child not having been litigated in the divorce proceedings, these suits pose a new and independent cause of action. In the absence of a question of venue, we think that either court would have potential jurisdiction, and the court first acquiring jurisdiction would retain it. But we are of the opinion that it is controlled by the venue statute. Prior to the Supreme Court decision in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, the Courts of Civil Appeals were not in harmony as to venue of suits in which changed conditions were alleged as having resulted subsequent to the entry of an original and previous order in a divorce suit, fixing the custody of a child or children. Some of the courts maintained that the trial court granting the divorce and awarding custody of the child or children retained venue for subsequent proceedings with reference thereto. Others were of the opinion that where changed conditions were pleaded, it constituted a new cause of action and that the general venue statute should control. In construing Articles 4639 and 4639a, Judge Critz held that a custody order made by the divorce court was res adjudicata only to that time as to such custody, but that changed conditions constituted a new cause of action and that the defendant in such new suit was entitled to claim his privilege to be sued in the county of his residence. Said decision is now the settled law in this state. The case at bar might be affirmed for the reason that the 96th District Court of Tarrant County was first to acquire jurisdiction, but we prefer to base our affirmance of same on said Lakey v. McCarroll, supra.

The judgment of the trial court is affirmed.