**KNOLLHOFF et ux. v. NORRIS.**

No. 4863.

Court of Civil Appeals of Texas. El Paso.

May 21, 1952.

Rehearing Denied June 25, 1952.

———◆———

Jim C. Langdon, McCamey, for appellants.

Connell Ashley and Hart Johnson, Ft. Stockton, for appellee.

SUTTON, Justice.

This is an appeal from an order of the 112th District Court of Pecos County, originating in a habeas corpus proceeding instituted to test the alleged illegal restraint of a four-year-old female child, the daughter of Norris.

The child, Vera Lynn Norris, is the issue of Norris and a former wife. Norris and his former wife were divorced on the 12th day of June, 1950, by a decree of the 112th District Court of Upton County, and the care and custody of the child awarded to the mother with the right of reasonable visitation.

The mother of the child died at Lubbock, Texas, December 7, 1951. Mrs. Knollhoff, a sister of the deceased mother, and her husband, removed the child following the death of the mother to their residence in Lamb County, Texas. Norris, learning of the death on the 10th of December, 1951, by telephone made request of the Knollhoffs for the possession of the child, which was declined. The request was repeated on the 15th, and again declined. On that date Norris presented an application to the Judge of the 112th District Court of Pecos County for a writ of habeas corpus. In the application the facts above stated were set up, to which was added that he was and had been for something like one and one-half years a resident of Pecos County; that on the death of the mother the care and custody of the child immediately, under the law, vested in him as the sole surviving natural parent. The Judge issued the writ over his official signature directed

"To the Sheriff or any Peace Officer of the State of Texas",

reciting therein that it had been made to appear to him "by satisfactory evidence" the child, a resident of Pecos County, was held in illegal custody by the Knollhoffs at Sudan in Lamb County, Texas, and directed that she be forthwith brought before him in Pecos County. The child was taken in custody by the Sheriff of Lamb County and delivered by him to the Sheriff of Pecos County, who delivered her into the possession of the Judge. He delivered her to the father. The Knollhoffs filed in due form a plea of privilege asserting their privilege to be sued in Lamb County. Pending the final disposition of the plea of privilege the child was returned by an order of the Court to the Knollhoffs. The plea was duly controverted, repeating the allegation of facts recited in the application for the writ, and saying custody had already been fixed as a matter of law and was not an issue; that the residence of the child was fixed in Pecos County already; that the child had been wrongfully and illegally deprived of its residence in Pecos County by the removal to Lamb County; that the order of the Court returning the child to the Knollhoffs was void and her removal from Pecos County by virtue of the purported order was wrongful and because of each of which facts a trespass had been committed in · Pecos County and venue, therefore, fixed under the 9th exception to the general venue statute, Vernon's Ann.Civ.St. art. 1995. The matter was heard and the Court overruled the plea of privilege, from which this appeal is prosecuted.

Appellants' three points are the Court erred in overruling their plea of privilege, this being a child custody case and they being residents of Lamb County; there being no trespass or other grounds of venue in Pecos County alleged, and there being no trespass shown to have been committed in Pecos County.

It must be readily admitted when a writ of habeas corpus is resorted to as a form of procedure to litigate questions as to the custody and care of a child and to ascertain what would be to the best interest of a child it is a civil action and subject to the venue statute, but such ·is not this case. The care and custody was already determined at the time this proceeding was initiated · and vested immediately on the death of the mother in the father, and her residence and domicile fixed as that of the father. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. Norris did not seek the writ to determine the custody of the child. He already had it. His sole purpose was to relieve the child of the illegal restraint. When relieved of that restraint he, of course, obtained possession of her, and that was a primary object of the proceeding, it must be conceded. The action of Norris was in defense and preservation of his custody and not to fix it. However, the Knollhoffs were not parties to the proceeding. They were not directed to produce the child or otherwise given notice of the proceeding, because it was not necessary since no right of theirs was involved. They were as much strangers to the proceeding, in a legal sense, as any other third party. They had no legal rights which it may be assumed the Judge determined from "the satisfactory evidence" heard by him before he issued the writ. Of course the kindly act in taking the child into tender care is commendable and is in no wise to be criticised. The proceeding was in all respects ex parte. The Knollhoffs have not yet asserted any rights to the custody of the child.

What is said in Lloyd v. Smith, Tex.Civ. App., 203 S.W.2d 793, at page 795(3), is thought to be applicable and directly in point in the instant case. Neither that case nor this, as there said, is in any sense a child custody case. Custody is not an issue, but the sole question is "Was the child wrongfully and illegally restrained at the time the writ issued?" This case perfectly illustrates how one may have the care and custody and not the possession of · a child. It is thought the case of Wright v. Wright, Tex.Civ.App., 285 S.W. 909, is also in point. It certainly would be a novel absurdity if anyone, more especially a stranger, could deprive a small child of its domicile and a parent of its lawful possession and rob the writ of habeas corpus of one of its most important functions—speedy relief from illegal restraint—by the simple

expedient of filing a formal plea of privilege when no legal right or interest is asserted or can be, and compel the child and parent to defend the domicile and custody in a distant forum. Possession and the right thereto follows the custody, but custody does not necessarily follow possession.

It would serve no purpose to review the cases cited by Appellants and distinguish them. It may be said in each of them, as we understand them, the issue of custody was made by some pleading in the cases, which is not true here.

It is our conclusion the judgment of the trial court is correct and it is affirmed.

PRICE, Chief Justice (concurring).

On behalf of Vera Lynn Norris, a minor, and his own behalf, appellee filed an application for a writ of habeas corpus. The prayer of the application was as follows:

"Your petitioner prays that your honor grant and issue the writ of habeas corpus to have the said Vera Lynn Norris forthwith brought before your honor at such place as your honor may designate."

The order, in accordance with the application was for writ commanding the sheriff to seize the person of the minor and bring her before the court. The writ of habeas corpus as ordered and issued was tantamount to a warrant for the arrest of the minor, Vera Lynn Norris. This writ was not addressed to appellants. It was not provided that they should make return thereon. Their voluntary appearance to answer the application was not sought by the application. They were not ordered by the court to make answer to the writ or the application. Their appearance in the matter was purely voluntary in that they voluntarily filed a plea of privilege in a matter in which a judgment could not then be taken against them, if at all, in which notice to them had neither issued nor been sought. The transcript fails to show either the service or issuance of citation. The certified copy of the bill of costs fails to show a charge for issuance or service of citation.

The transcript shows the application for the writ of habeas corpus was filed on De-

cember 15, 1951, at 2:55 P. M., that the Judge issued a writ commanding the sheriff to seize the said minor and bring her before him at Fort Stockton, Texas. It is further shown that on the 16th day of December, 1951, in accordance with the writ the sheriff seized the person of the minor and she was presented to the judge issuing the writ on December 16, 1951. The plea of privilege shows to have been filed on December 17, 1951. While the plea of privilege recites that the defendant had been heretofore served with citation, the record does not substantiate this. The transcript fails to show that prior to the filing of the plea of privilege any sort of process had been served upon the appellants.

Art. 114, Code of Criminal Procedure, provides to whom the writ of habeas corpus shall be directed. It is addressed to the person having another under restraint. Art. 129, Code of Criminal Procedure, provides the judge may issue warrant of arrest whenever it appears by satisfactory evidence that one is held in illegal confinement or custody and there is a good reason to believe that he will be carried out of the State. This allegation does not appear in the application we have under consideration. The process really prayed for and issued was not in reality a writ of habeas corpus, it was an application for the arrest of the minor. It did not purport to require the appellants herein to make return thereto, or require them to make answer. It seems rather that if they desired they might intervene in the proceeding and seek the custody of the child. Their appearance in the cause to urge plea of privilege before process had been issued and before they were compelled by compulsory process to answer at any time constituted an appearance in the case. While I agree with Justice SUTTON'S reasoning in his opinion, I think this voluntary appearance on the part of appellants presents ample justification for the overruling of the plea. The writ issued called a writ of habeas corpus did not provide that it be served on the appellants. The record fails to show any form of service on the appellants.

In my opinion, under the application the district court or judge had no authority to

issue the warrant of arrest for the minor, but the fact that he did should not afford the appellants the opportunity of seeking to obtain custody of the child in a county other than the residence of the appellee.

McGILL, Justice (dissenting).

It is with some hesitancy and reluctance that I dissent in this case, because the inherent justice of appellee's position and the result reached by the majority is manifest. However, because of the importance of the legal questions involved, and because I am not in accord with the views expressed by the majority, "fools rush in where angels fear to tread" and these views are recorded for what they are worth.

Appellants, I think with some reason, do not concede that the custody of the child is not involved in this case. An examination of the application for the writ of habeas corpus in Finney v. Walker, Tex.Civ.App., 144 S.W. 679, discloses that there is no material difference in the relief sought in that case and the one at bar. There the father was entitled to the custody of the child, not only because he was the surviving parent and natural guardian, but also because he was the duly appointed and qualified guardian of the person and estate of the child, yet the court treated the case as a child custody case. It may be that there is no valid distinction between a suit for possession and a suit for custody of a minor child. However this may be, the only legal question here presented is whether appellants who by means of the writ of habeas corpus unquestionably have been deprived of the possession and custody of the child, have been sued within the purview of the venue statute. Art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, which provides:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases * * *."

By claiming the benefit of exceptions 9 and 30, appellee impliedly admits that appellants have been sued within the meaning of the statute, otherwise there would be no necessity for attempting to maintain venue in Pecos County because of the exceptions.

It has been said that

"Strictly speaking, it [a writ of habeas corpus] is not an action or suit, but is a summary remedy open to the person detained, although in some cases, or for some purposes, it is held to be an action or suit." 39 C.J.S., Habeas Corpus, § 1, p. 425.

The same statement is made in 29 C.J., p. 7, and in footnote 11 in support thereof is cited In re Barry, 42 F. 113, 136 U.S. 597, 34 L.Ed. 503, note; and McFarland v. Johnson, 27 Tex. 105; and as contra, Finney v. Walker, Tex.Civ.App., 144 S.W. 679, under a statute regulating place of trial.

That a writ of habeas corpus proceeding is a suit was held in Goetz v. Black, 256 Mich. 564, 240 N.W. 94, 84 A.L.R. 802, quoting C. J. Taney in Holmes v. Jennison, 14 Pet. (U.S.) 540, 10 L.Ed. 579.

Certainly the application for and the issuance and return of a writ of habeas corpus invokes the judicial function of the court, it invokes it to obtain relief from the parties by whom the illegal restraint is alleged If the person having the possession of a minor who is deprived of such possession by such process is not sued, it is difficult to designate a name for the judicial process employed. In any event, the writ of habeas corpus is certainly a proper proceeding to secure such relief where the possession of a minor is sought. If, as said by Judge Betts in Barry v. Marcein, 5 How. (U.S.) 103, quoted in McFarland v. Johnson, supra

"A procedure by habeas corpus can in no legal sense be regarded as a suit or controversy between private parties"

and as said in State v. Cheeseman, 2 Southard 445, 5 N.J.L. 445, also quoted in McFarland v. Johnson

"It is for the relief of the prisoner and the prisoner only. It is to inquire why the liberty of the citizen is restrained,"

it may be noted that appellee in this case did not purport to apply for the writ solely in behalf of the minor child to obtain her liberty. Appellee applied for the writ in his own behalf and for his own benefit and he named appellants as the persons

who had possession of the child and were illegally restraining her and he sought to have the child delivered to the court and to have her possession delivered to him. The fact that the application did not ask that appellants be required to deliver the child and the writ did not require them to do so, it seems to me is immaterial. The proceeding considered in its entirety clearly contemplated that by it the possession of the child should be taken from appellants, which was done, and they were in every legal sense adverse parties. Whether the proceeding be regarded as a civil suit or a mere summary proceeding, it seems to me by it appellants have been sued within the meaning of the venue statute.

Clearly the facts of this case do not bring it within any exceptions to the statute. The exception contained in Section 9 is applicable only where the crime or trespass is committed in the county where venue is sought to be maintained. Here, if any crime or trespass was committed by appellants it was committed in Lubbock County, where they took possession of the child, or in Lamb County, where they refused to deliver her to appellee. The basis of the decision in Lloyd v. Smith, Tex.Civ.App., 203 S.W.2d 793, 794 (no writ history) strongly relied on by appellee is the wrongful taking of the child and trespass in Dallas County. This is apparent from the following language of the opinion:

"* * * it is obvious that the basis of these proceedings was the willful wrong and, to say the least, flagrant trespass committed by respondents on the right and privilege of relator to the care and custody of his children. So far as disclosed by the record, respondents, without the knowledge or consent of relator, or pretense of legal right, took possession of his minor children, removed them from their domicile and the domicile of their father, as well, into another county, and were illegally restraining them at the time the writ of habeas corpus was sued out."

The court unquestionably not only had the power but it was his duty to make some provision for the temporary care of the child pending his ruling on appellants' plea of privilege and his disposition of the writ of habeas corpus, should he overrule the plea. This he did by his order of December 17, 1951. Appellants did not commit any crime or trespass when they took possession of the child under this order.

I fail to see any application of Section 30 of the venue statute to the facts of this case. This section provides:

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

The special venue statute on which appellee relies is Section 2 of Art. 4111, V.A. C.S.:

"A proceeding for the appointment of a guardian shall be begun: * * *

"2. For the person and estate (or of either) of a minor, in the county where the surviving parent resides, if only one is living, or in the county where the last surviving parent of such minor resided at the time of the death of such parent, if both parents are dead, or in the county where such minor is found, or in the county where the principal estate of such minor may be."

This is not a proceeding for the appointment of a guardian for the minor. While this statute was cited in Lloyd v. Smith, supra [Tex.Civ.App., 203 S.W.2d 795] in the following language

"If the respondents desire to challenge the right or fitness of relator to the care and custody of his children, they may do so in a legal manner by proceeding in a court of proper jurisdiction in Dallas County, the domicile of relator, as provided in Sec. 2 of Art. 4111, R.C.S., Vernon's Ann.Civ. St. art. 4111, subd. 2."

the basis for the decision that venue was in Dallas County was as indicated because a trespass was committed there.

By his counterpoint 3, appellee contends that if any question of the custody of the child was involved in this suit the *exclusive* (emphasis ours) venue thereof was in

Pecos County, the legal domicile of the father and the child under the special venue statute. Apart from the specific language of the statute which confers venue "in the county where such minor is found" the Supreme Court has recently indicated that courts may determine custody where the child is present though not domiciled, as well as where the child is domiciled though not present. Ex parte Birmingham, Tex., 244 S.W.2d 977. This, of course, refers to jurisdiction and not to venue.

I realize that the views herein expressed would permit a kidnapper who is an inhabitant of this State to reap the benefit of the venue statute. If this results in an absurdity, the remedy is with the Legislature and not by judicial legislation of the courts.

I respectfully dissent.