Frances Janie JAHNS, Appellant,

v.

Henry JAHNS, Appellee.

No. 13580.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 13, 1960

E. W. Patteson, John A. Romberg, Gonzales, for appellant.

Elbert R. Jandt, Seguin, for appellee.

MURRAY, Chief Justice.

This is a habeas corpus proceeding instituted by Frances Janie Jahns against her husband, Henry Jahns, seeking to recover possession and custody of their two and one-half year old daughter, Terry Dale Jahns. The proceeding was instituted in the District Court of Gonzales County, Texas. Defendant, Henry Jahns, filed a plea of privilege stating that Guadalupe County was the county of his residence and asserting his right to be sued in that county. Plaintiff controverted the plea of privilege and alleged that under the provisions of Sections 5, 7 and 9 of Article 1995, Vernon's Ann.Civ.Stats., she was entitled to maintain venue in Gonzales County, because defendant committed a crime, offense or trespass in Gonzales County upon plaintiff and said child, in that defendant by force, threats and violence took Terry Dale Jahns, a minor, from the possession of plaintiff by striking, hitting and using force in Gonzales County. The trial court sustained defendant's plea of privilege and plaintiff has prosecuted this appeal.

The record shows that appellee did commit an assault upon appellant by forcibly taking the child from her possession in Gonzales County and carrying it to Guadalupe County, where it now resides with him. There had been no previous adjudication as to the custody of their child. It has been many times held that any exceptions to the venue statute, Art. 1995, Vernon's Ann.Civ.Stats., must be strictly construed and firmly established before a citizen can be deprived of his right to be sued in the county of his domicile. Texan Meat Co. v. Innes, Tex. Civ.App., 308 S.W.2d 956.

The Supreme Court of Texas has settled this question in Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79. The dissenting opinion by Associate Justice Wilson presented many contentions to the contrary, but the Supreme Court adhered to its majority opinion.

The instant suit is not for the assault made upon appellant by appellee, but is for the possession and custody of their two and one-half year old baby girl. It therefore is governed by the decisions holding that where a person is sued for the custody of a child he has a right to maintain venue in the county of his residence. Knollhoff v. Norris, supra. If there be earlier decisions to the contrary we decline to follow them, as such decisions would be in conflict with the Knollhoff v. Norris decision.

The judgment is affirmed.