Wayne Edward CROW, Appellant,

v.

Maurice VINCENT et al., Appellees.

No. 4012.

Court of Civil Appeals of Texas.

Eastland.

Nov. 19, 1965.

Rehearing Denied Dec. 17, 1965.

Sam Bass, Freeport, for appellant.

R. E. McDaniel, Winnie, for appellees.

COLLINGS, Justice.

This suit was filed in the District Court on March 18, 1965, by R. E. McDaniel, Maurice Vincent and his wife, Zelmar Vincent, to have a minor child, Wayne Edward Crow II declared a dependent or neglected child under the provisions of Article 2330 et seq., Vernon's Ann.Tex.Civ.St. It was also alleged that the child had been in the custody of and had lived in the home of the Vincents since June 13, 1963; that the Vincents loved the child and desired to adopt it; that Wayne Edward Crow, the father of the child by adoption, had contributed very little to his support within the preceding two years, and that it would be to the best interest of the child to be declared dependent or neglected, that the parental rights of Wayne Edward Crow be terminated and that the child be placed in the custody of the Vincents.

Wayne Edward Crow filed an answer to plaintiffs' petition denying the allegations contained therein and prayed judgment of the court that plaintiffs take nothing. Upon a hearing of the cause, judgment was entered on May 17, 1965, decreeing that the minor child Wayne Edward Crow II was not a dependent or neglected child as defined by the statutes of this state. The court further found, however, that Wayne Edward Crow, the father by adoption of the minor child, was not a fit and proper person to have care, custody and maintenance of said child but that Maurice Vincent and his wife were proper and fit persons to have the temporary care, custody, control and maintenance of said child and decreed that temporary custody, care and control of said minor child be awarded to the said Maurice Vincent and wife, Zelmar Vincent. Wayne Edward Crow gave notice of appeal from that portion of the judgment awarding temporary custody of the minor child to Maurice Vincent and wife.

Appellant asserts that appellees' petition sought only to declare the minor child dependent or neglected. Appellant contends therefore that the court (1) erred in en-

tering a temporary custody, care and control order upon a hearing under such petition. Appellant urges that the court (2) erred in assuming jurisdiction for the determination of the temporary care, custody and control of the minor child in the absence of a suit brought for care, custody and control.

Appellees' petition did seek to have the minor child declared dependent or neglected, but there were also allegations to the effect that appellant had contributed very little to the child's support for a period of about two years, and that it would be to the best interest of the child for its custody to be placed with the Vincents. Regardless of the pleadings, it has been held that a child becomes a ward of the court when it is brought before the court for any purpose. In re Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286; 27 Am.Jur. 827, 43 C.J.S. Infants § 7b, page 56. The language in the Badger case was cited with approval by our Supreme Court in Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79. Justice Calvert, speaking for the court, stated that the proceeding there involved "although initiated by application for writ of habeas corpus and intended perhaps to determine possession only, nevertheless was one involving custody also * * *." In the Knollhoff case it was further stated:

"In the case of Green v. Green, Tex. Civ.App., 146 S.W. 567, 568, writ dismissed, a wife filed a suit to enjoin her husband from removing their children out of the state and asking that the order of restraint require the return of one child to her, which it accordingly did. The order was attacked on the ground that the nature of the pleading would not support a custody order, but the court said: '* * * a pleading, which shows upon its face that the welfare of a minor child requires that an order be made by a district court or a judge thereof, is amply sufficient to warrant the court or such judge in making such order as in his discretion may appear right and proper for the welfare of the child.'"

The record in the instant case shows that appellant Wayne Edward Crow and his wife on January 4, 1963, adopted the minor child Wayne Edward Crow II who was born October 17, 1962. Mrs. Crow died June 12, 1963. On June 13, 1963, Wayne Edward Crow delivered the infant child to Mr. and Mrs. Maurice Vincent and agreed to pay Mrs. Vincent $25.00 per week if she would take care of the baby. The child has lived in the home of Mr. and Mrs. Vincent almost continuously since that time, although it was with Crow for short intervals. Appellant paid the Vincents a total of $300.00 as child support as shown by cancelled checks. The last payment by Crow as shown by such cancelled checks was on November 10, 1963. Appellant claims to have made other payments in cash but admits that he made no payments after January of 1964, about fifteen months before the time of the trial. The Vincents state that no cash payments were made.

The Vincents testified that they had taken good care of the child; that their home was a proper home for the care and custody of the child; that they had paid the doctor bills, hospital and drug bills, and for the clothing of the child; that during the time the child had lived in their home, they had learned to love him and wanted to adopt him; that at one time they talked to Mr. Crow about adopting the baby; that in fact Mr. Crow had called them and wanted them to adopt the baby and they went to see a lawyer about the matter, but later Mr. Crow changed his mind and refused to give his consent to the adoption. On cross examination Mr. Vincent was asked if "This whole proceeding is brought so you can adopt this child, isn't it?" and Mr. Vincent replied in the affirmative, stating "—that is what I came here, to adopt the child." He and his wife both stated that they brought the suit because they loved the baby and wanted to adopt him. The Vincents further testified that although Mr. Crow had given them some money for the support of the child, that it had been a long time since he had paid them anything. They further

testified however that they had not requested him to pay anything further for the support of the child and that they were perfectly content with the situation as it was.

Appellant Crow testified that he was a shrimp fisherman. He stated that on account of his job that he could not take care of the baby personally; that he would be out days at a time on the shrimp boat; that after the death of his wife he delivered the child to Mrs. Vincent for her to take care of him; that he thought the Vincent home was a good home and that they would properly care for the child, and that so far as he knew they had adequately cared for the child; that the Vincent home was not an unfit home for the child; that they were not cruel to the child or guilty of improper care of the child in any manner.

Appellant stated that he was not married at the time of the trial but was engaged; that his plan for keeping the child was to leave it with his fiancée while he was on the shrimp boat; that he expected to be in every Saturday and Sunday night; that his fiancée was in the courtroom at the time of the trial and that he had discussed the matter of the child with her and she also wanted to keep the child. He stated that his fiancée owned and operated a lounge in Cameron, La.; that it was not a beer joint, but that beer and mixed drinks were served, and she also operated a dance hall on the premises. He stated that his fiancée had a house trailer twelve feet wide by sixty feet long where she and two other young women lived together with a three year old child of one of the women. He stated these women one of whom works in the lounge and his fiancée were the ones he planned to have taking care of the child. Appellant stated that during the time the Vincents were keeping the child he had obtained the baby and brought it to where he was living on occasions for short periods of time; that he had a house trailer; that a Mexican girl was living in the house trailer with him at the time; that they were not married, and that when he came back from "a trip" he found that Mrs. Vincent had the baby. In this connection Mrs. Vincent testified that the Mexican girl brought the baby back to her and said: "I don't want to take care of that thing." Mrs. Vincent said that the child was burned badly, from his waist down from being placed in water which was too hot.

We cannot agree with appellant's contention that under the pleadings the court erred in assuming jurisdiction for the purpose of determining the care, custody and control of the minor child. Although the pleadings did seek to have the minor child declared dependent and neglected, the pleadings and also the evidence indicate that the welfare of the minor child required action by the court concerning the matter of its care and custody. The question of child custody was therefore involved and it was the duty of the court to make such orders as, in the proper exercise of his discretion, might appear to be best for the child's welfare. Knollhoff v. Norris, supra.

Appellees assert that the judgment is not a final one and that the appeal should be dismissed. In our opinion this contention is well taken. In a suit for child custody an order granting temporary custody and contemplating further proceedings thereon is not a final judgment but only an interlocutory order from which there is no appeal. Affolter v. Affolter, Tex.Civ.App., 389 S.W.2d 742. Appellees' motion to dismiss the appeal is granted.

The appeal is dismissed.