**Woodrow J. PAGE, Appellant,**

v.

**Wanda Ruth PAGE, Appellee.**

**No. 11821.**

Court of Civil Appeals of Texas, Austin.

May 12, 1971.

Cain, Dorsey & Johnson, Jerry M. Johnson, San Angelo, for appellant.

No brief filed for appellee.

SHANNON, Justice.

This is an appeal from an order of the District Court of Tom Green County granting a Petition for Habeas Corpus involving a minor child. The appellee filed no brief and the case was not argued orally before this Court.

Appellee, Wanda Ruth Page, filed a Petition for Writ of Habeas Corpus in the District Court of Tom Green County on June 30, 1970, alleging that her minor son, Douglas Page, was illegally restrained in San Angelo by his father and appellee's former husband, appellant Woodrow J. Page. Appellee alleged further that appellant refused to surrender the child in violation of the Judgment of the Domestic Relations Court of Tarrant County, dated May 22, 1969 in which appellee had been awarded custody. Appellant picked up the child in Fort Worth on June 15, 1970, took him to San Angelo, and refused to return him to appellee.

Upon presentation, the District Judge signed a "Writ of Habeas Corpus" on June 30, 1970 commanding appellant to produce in court the child on July 2, and to show

why he was holding the child. Appellant was served on July 1. On July 2, preliminary to the hearing, appellant filed a "Special Appearance" to the court's jurisdiction, complaining in essence that he had not been accorded sufficient time to answer the Petition pursuant to Rule 21a, Texas Rules of Civil Procedure, and to Rule 11.07 of the Vernon's Ann.Texas Code of Criminal Procedure. The court heard and overruled appellant's "Special Appearance."

By way of answer appellant pleaded that he was the proper person to have custody of the child and that since time of the entry of the Judgment in Tarrant County, there had been a "material change in circumstances and conditions surrounding the custody" of the child.

In the July 2 hearing the court announced that it would hear evidence only on the Petition for Habeas Corpus, and expressly declined to consider on the merits the matter of permanent custody raised by appellant's plea of "changed conditions." The court granted the Petition for Habeas Corpus and ordered appellant to deliver the child to appellee, and ordered that the appellee have custody to the extent provided by the Tarrant County Judgment until that Judgment might "be changed or modified," or "until some court of competent jurisdiction shall decree some change with respect to the custody of said child."

On July 21, 1970, the appellant filed with the court a "Request for Setting" on the merits of the child custody matter, and on August 3, the court denied the "Request for Setting."

The appellant is before this Court on three points of error, claiming that the court erred in overruling his "Special Appearance," and in not setting the case on the jury docket, and in not awarding the custody of the child to appellant because, appellant claims, the appellee did not have custody or possession of the child.

In the onset we are confronted with the problem of the jurisdiction of this Court to decide this appeal. In our opinion, the order appealed from is temporary in character and nonappealable. See Goodman v. Goodman, 224 S.W. 207 (Tex.Civ.App. 1920, no writ), Wardlaw v. Wardlaw, 267 S.W.2d 250 (Tex.Civ.App.1954, no writ), Morrow v. Gallant, 312 S.W.2d 526 (Tex. Civ.App.1958, no writ), Affolter v. Affolter, 389 S.W.2d 742 (Tex.Civ.App.1965, no writ), Crow v. Vincent, 397 S.W.2d 870 (Tex.Civ.App.1965, writ ref., n. r. e.).

The basis for our reasoning that the order is temporary follows. Appellee, by virtue of the Tarrant County Judgment, was legally entitled to physical possession of the child. In order to obtain that possession she filed her Petition for a Writ of Habeas Corpus. By filing the Petition for Habeas Corpus to obtain possession, appellee invoked the power of the court to adjudicate custody, Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953), even though there had been a prior adjudication of custody by the District Court of Tarrant County. See Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962).

In view of Knollhoff v. Norris, supra, and in view of appellant's claim of "changed conditions," we construe the order granting the Petition for Habeas Corpus as one delivering possession and temporary custody of the child to appellee. Permanent custody of the child, in light of appellant's claim of "changed conditions," is yet to be determined by the District Court. We assume that in view of this opinion the matter of permanent custody will be set for trial in due course.

The appeal is dismissed.

Appeal dismissed.