**June HAWKINS, Appellant,**

**v.**

**Glen HAWKINS, Appellee.**

**No. 4699.**

Court of Civil Appeals of Texas, Eastland.

Oct. 25, 1974.

Rehearing Denied Nov. 15, 1974.

Frank Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellant.

Malcolm C. Schulz, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a venue case. June Hawkins and Glen Hawkins were divorced on August 12, 1968, in Cause No. 4162, Court of Domestic Relations, Taylor County, Texas. On August 3, 1973, June Hawkins, a resident of Eastland County, filed an application for writ of habeas corpus in cause number 4162 alleging that she was granted custody of her son, Matthew Edward Hawkins, when she and her former husband, Glen Hawkins, were divorced and that Glen Hawkins was illegally confining and restraining the child. On August 6, 1973, Glen Hawkins answered alleging that circumstances had changed since his divorce in 1968 and the child had been in his

actual possession and custody for over two years. He alleged that his former wife was an invalid and unable to care for the child. By cross action he requested that he be given custody of the child. On August 7, 1973, the trial court granted the writ of habeas corpus and ordered Glen Hawkins to deliver the child to June Hawkins. The order entered made no mention of the cross action filed on August 6. On August 14 the cross action was served on June Hawkins. On September 7 she filed a plea of privilege to the cross action requesting that the cause be transferred to Eastland County, the place of her residence. Glen Hawkins filed a controverting plea and the court overruled the plea of privilege. June Hawkins has appealed. We affirm.

The case was tried before January 1, 1974, and is not controlled by Title 2 of the Family Code, V.T.C.A.

Appellant, June Hawkins, first contends that proceedings in Cause No. 8342, Court of Domestic Relations, Taylor County, were res judicata as to the venue issue.

The record reflects that on July 30, 1973, in cause number 8342, Glen Hawkins filed suit against June Hawkins for change of custody. On August 8, 1973, June Hawkins filed a plea of privilege, which was not controverted, requesting that the case be transferred to Eastland County. On September 5, 1973, Glen Hawkins filed a motion for nonsuit, which was granted, alleging that June Hawkins had become the petitioner in cause number 4162, and the court had jurisdiction and venue to litigate all issues between the parties in that case.

Appellant relies upon the general rule that if a plaintiff takes a nonsuit while the defendant's plea of privilege is pending the effect of the dismissal is an admission that the defendant's plea of privilege is good and venue of the subject matter between the same parties is conclusively established to be in the county of defendant's residence. Royal Petroleum Corp. v. McCallum, 134 Tex. 543, 135 S.

W.2d 958 (1940); Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222 (1943). We agree with the general rule urged by appellant, but the rule is not applicable in the instant case. The cases cited by appellant are controlling when a plaintiff who has taken a nonsuit, while a plea of privilege is pending, files a subsequent suit in a county other than defendant's residence. In the case at bar June Hawkins was the defendant in cause number 8342, but she was the plaintiff in cause number 4162, when she filed her application for writ of habeas corpus.

In Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953) the court held that the filing of an application for writ of habeas corpus to obtain physical possession of a child automatically invokes the power of the court to adjudicate custody and is, therefore, a suit involving custody as well as possession.

Appellant as plaintiff initiated the instant suit by filing an application for writ of habeas corpus on August 3, 1973, in cause number 4162. She submitted herself to the jurisdiction of the court as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived her right to be sued in the county of her residence on the cross action filed by appellee, Glen Hawkins. Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949 (1948); Fort Worth National Bank v. Stiff, 482 S.W.2d 337 (Tex.Civ.App.—Eastland 1972, writ dism'd), cert. denied., 410 U.S. 932, 93 S.Ct. 1375, 35 L.Ed.2d 594; Connell v. Spires, 264 S.W.2d 458 (Tex.Civ.App.—Eastland 1954, no writ); Powell v. Short, 308 S.W.2d 532 (Tex.Civ. App.—Amarillo 1957, no writ); Skidmore v. Cook, 417 S.W.2d 79 (Tex.Civ.App.—San Antonio 1967, dism'd).

Appellant's first point of error is overruled.

Appellant next argues that since the cross action was filed on August 6, 1973, and the court granted the writ of ha-

beas corpus on August 7, 1973, and the order entered was silent as to the cross action, such order constituted a denial of the cross action. She contends the order granting the writ of habeas corpus is a bar to the present action under the doctrine of res judicata. We disagree.

We construe the order dated August 7, 1973, directing appellee to deliver the child to appellant to be a temporary order which does not purport to dispose of all matters in controversy. When confronted with similar facts the court in Page v. Page, 468 S.W.2d 489 (Tex.Civ.App.—Austin 1971, no writ), said:

"The basis for our reasoning that the order is temporary follows. Appellee, by virtue of the Tarrant County Judgment, was legally entitled to physical possession of the child. In order to obtain that possession she filed her Petition for a Writ of Habeas Corpus. By filing the Petition for Habeas Corpus to obtain possession, appellee invoked the power of the court to adjudicate custody, Knollhoff v. Norris, 152 Tex. 231, 256 S.W. 2d 79 (1953), even though there had been a prior adjudication of custody by the District Court of Tarrant County. See Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962).

In view of Knollhoff v. Norris, supra, and in view of appellant's claim of 'changed conditions,' we construe the order granting the Petition for Habeas Corpus as one delivering possession and temporary custody of the child to appellee. Permanent custody of the child, in light of appellant's claim of 'changed conditions,' is yet to be determined by the District Court."

The case of Wood v. Cosme, 447 S.W.2d 746 (Tex.Civ.App.—Houston (14th Dist.)

1969, no writ), urged by appellant is distinguishable. There the court found that the judgment under consideration clearly reflected that all parties announced ready for trial on both the original action and the cross action, and the cross action was denied.

Appellant further contends appellee's controverting plea was defective and no evidence was introduced establishing a cause of action in Taylor County.

Appellant at no time objected or excepted to appellee's controverting plea. The court in Wilson v. Inness, 336 S.W.2d 437 (Tex.Civ.App.—Texarkana 1960, no writ), held that the failure to except to defects in the controverting plea waives the defects. Furthermore, under Rule 67, Texas Rules of Civil Procedure, the venue issues may be tried outside the formal written pleadings by express or implied consent. See also: Great Southwest Life Insurance Co. v. Camp, 464 S.W.2d 702 (Tex.Civ.App.— Fort Worth 1971 no writ).

The record contains evidence that appellee at the request of appellant took possession of the child in February or March of 1971, and brought the child to appellee's home in Abilene where he remained until the habeas corpus hearing. Appellee testified that appellant's physical condition had not improved and she was not capable of caring for the child.

The evidence clearly shows that appellee's cross action for custody arises out of and is incidental to appellant's action for writ of habeas corpus.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.