### CONNECTICUT GENERAL LIFE INS. CO. et al. v. MATHIS.

### No. 1712.

Court of Civil Appeals of Texas. Waco.

Feb. 27, 1936.

McBride, Hamilton, Lipscomb & Wood and Read, Lowrance & Bates, all of Dallas, and Bryan & Maxwell, of Waco, for appellants.

Bradley & Bradley, of Groesbeck, and Geo. W. Barcus, of Waco, for appellee.

ALEXANDER, Justice.

This is an appeal from an order of the trial court overruling defendants' pleas of privilege. Since perfection of the appeal the plaintiff has voluntarily dismissed the suit in the lower court. Hence, the matter before us, that is, the question as to whether the trial court should have sustained or overruled the pleas of privilege, has become moot and it is not now necessary for us to pass on the merits of the appeal. Appellee insists that the appeal should be dismissed, while appellants contend that the case should be dismissed. It might be, as contended by appellants, that if we should dismiss the appeal and leave in force the order of the trial court overruling the pleas of privilege, the plaintiff, in the event the suit should be refiled in the same county, could plead the judgment appealed from in bar of another plea of privilege by the defendants to have the suit removed to the county of their residence. See, in this connection, Old v. Clark (Tex. Civ.App.) 271 S.W. 183; Grogan-Cochran Lumber Co. v. McWhorter (Tex.Civ.App.) 15 S.W.(2d) 126; Murphy v. India Tire & Rubber Co. (Tex.Civ.App.) 27 S.W.(2d) 1110; Scott v. Clark (Tex.Civ.App.) 38 S. W.(2d) 382. Under these circumstances, we think it proper to reverse the order appealed from so that it will not embarrass appellants in the event the suit should be refiled. See, in this connection, Danciger Oil & Refining Co. v. Railroad Commission, 122 Tex. 243, 56 S.W.(2d) 1075; Teer v. McGann (Tex.Civ.App.) 65 S.W.(2d) 362; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720. Such reversal, however, is without prejudice to either party in the event the same issue should again arise between the parties. Since the main cause of action has been dismissed, it is not necessary that this proceeding be remanded to the lower court.

Accordingly, the order overruling the pleas of privilege is reversed and set aside, without prejudice.