### RAILROAD COMMISSION et al. v. TIPS.

#### No. 2249.

Court of Civil Appeals of Texas. Waco.

Sept. 28, 1939.

———◆———

### U. S. ROYALTY ASS'N v. STILES et al.

#### No. 5037.

Court of Civil Appeals of Texas. Amarillo.

July 3, 1939.

Rehearing Denied Sept. 11, 1939.

reversed, the injunction dissolved, and the suit dismissed. All costs incurred in this court as well as in the trial court will be assessed against the appellee and the sureties on his injunction bond.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus and Glenn R. Lewis, Asst. Attys. Gen., for appellants.

Scott Reed, of Groesbeck, for appellee.

ALEXANDER, Justice.

This suit was brought by Julius C. Tips against The Railroad Commission of Texas and others, to enjoin the enforcement of the Texas Truck Law. The trial court granted a temporary injunction and an appeal was prosecuted to this court by the defendants. Since that time plaintiff has voluntarily dismissed the suit in the lower court. Appellants have filed a motion to reverse the cause and dissolve the injunction.

The rule seems to be that when the original suit is dismissed in the trial court while the case is pending before the appellate court for review of order granting temporary injunction, the question becomes moot and it is the duty of the appellate court to dismiss the case. Connecticut Gen. Life Ins. Co. v. Mathis, Tex.Civ. App., 91 S.W.2d 1184; International Ass'n of Machinists, Local Union No. 1488 v. Federated Ass'n of Accessory Workers, Tex.Com.App., 130 S.W.2d 282.

Accordingly, the judgment of the trial court granting temporary injunction is