**PICADILLY CAFETERIA OF WACO,**
Inc., Appellant,

v.

**Mrs. L. E. LEE et vir., Appellees.**

No. 15139.

Court of Civil Appeals of Texas.

Dallas.

March 30, 1956.

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellant.

R. W. Shytles, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Appellee Mrs. L. E. Lee, joined by her husband, brought suit in Dallas County against appellant Picadilly Cafeteria of Waco, Inc., for damages for personal injuries. Appellant sought to have the case transferred to McLennan County, where it maintains its principal office and place of business. Appellees' controverting plea alleged that venue properly lay in Dallas County under Art. 1995, subds. 9a and 23, Vernon's Ann. Civ.St. The plea of privilege was overruled January 23, 1956. The appeal was filed in this Court January 31, 1956.

On March 2, 1956·appellees filed a motion to dismiss the appeal on the ground that no actual controversy now exists, the said appellees having taken a non-suit in the trial court on February 29, 1956.

Appellant has filed an answer resisting the motion. The answer points out that the non-suit and dismissal in the trial court were entered without prejudice, hence there has been no final disposition or settlement of the controversy. Therefore, says appellant, it is entitled to a determination of the venue of the cause, and its appeal should not be dismissed, nor should the judgment of the trial court fixing venue in Dallas be left undisturbed as an adjudication of the venue issue.

We sustain the motion to dismiss the appeal. The trial court possessed authority to permit appellees to take a non-suit and to dismiss the cause of action. When it did so, the venue question presented in this appeal became moot. We have no

authority to determine the venue of a nonexistent suit. McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331 (opinion adopted by S. C.); Johnson v. Galloway, Tex.Civ.App., 277 S.W.2d 127.

However, appellate courts also have authority to enter orders without prejudice. Riggins v. Richards, 97 Tex. 526, 80 S.W. 524; Connecticut General Life Ins. Co. v. Mathis, Tex.Civ.App., 91 S.W. 2d 1184. Therefore our order dismissing the appeal will be without prejudice to appellant's right again to file its plea of privilege should appellees refile their suit and the same venue issue arise; and without prejudice to the right of either party to appeal from an adverse order of the trial court acting on the plea of privilege.

The appeal is dismissed without prejudice.