**Jack B. BAUCOM, Appellant,**

v.

**HY–LAY HATCHERIES, INC., Appellee.**

**No. 4015.**

Court of Civil Appeals of Texas.

Waco.

March 22, 1962.

Wm. B. Moss, Sinton, for appellant.

E. B. Laughlin, Houston, for appellee.

TIREY, Justice.

Defendant Baucom has perfected his appeal from an order overruling his plea of Res Judicata. The cause was tried without the aid of a jury and upon request the Court has filed Findings of Fact and Conclusions of Law. There is no Statement of Facts. We quote the pertinent parts of the Findings of Fact and Conclusions of Law:

### "FINDINGS OF FACT

"1. On June 2, 1961 Plaintiff filed suit in Harris County, Texas, styled as above and being cause No. 572,604 in the 157th District Court of Harris County, Texas.

"2. That said suit was brought on two Promissory Notes, both payable in Bryan, Brazos County, Texas. The first of said notes bears date of February 25, 1960, payable to Plaintiff in Bryan, Brazos County, Texas, in the principal sum of $700.00 together with interest thereon at the rate of 6% per annum from February 25, 1960, and due October 1, 1960. The second Promissory Note bears date of May 10, 1960

and is payable to Plaintiff in Bryan, Brazos County, Texas, in the principal sum of $405.00, and is due July 1, 1960. Both of the notes were alleged to have been executed by Defendant.

"3. Citation was served in the above suit on Defendant on June 16, 1961, and Defendant duly and timely filed his Plea of Privilege on June 24, 1961 alleging at the time of service of process therein, and at the time of filing his plea, that he was a resident of San Patricio County Texas and further set out in said plea his address and that of his attorney.

"4. On July 3, 1961 Plaintiff had a voluntary dismissal entered in said cause in the 157th District Court of Harris County, Texas, without having filed a controverting plea.

"5. That Plaintiff's voluntary dismissal was entered on July 3, 1961, which date was prior to the expiration date for filing a controverting plea as provided in Rule 86, Texas Rules of Civil Procedure

"6. On June 28, 1961 Plaintiff filed suit against Defendant in the 85th Judicial District Court of Brazos County, Texas on the same two promissory notes, but alleging that said notes were payable in Bryan, Brazos County, Texas.

"7. That citation was duly issued by the Clerk of the 85th Judicial District Court of Brazos County, Texas, and it was served on Defendant July 5, 1961.

"8. On July 27, 1961 Defendant filed in the 85th Judicial District Court of Brazos County, Texas his Plea of Res Judicata, and said plea was, by agreement of Plaintiff and Defendant, submitted to the Court on written briefs."

## "CONCLUSIONS OF LAW

"1. Plaintiff's voluntary dismissal or non-suit entered on July 3, 1961 was entered prior to the expiration date of the time allowed for controverting Defendant's Plea of Privilege.

"2. The dismissal order entered by the 157th District Court of Harris County, Texas was not rendered on the merits of the venue question and no trial of such issue could have been had on July 3, 1961.

"3. Since the time for filing a controverting plea had not expired on July 3, 1961, an adjudication of the venue question was not made, nor was such adjudication ripe for judgment at that time.

"4. Issue on the venue question was never joined in the 157th District Court of Harris County, Texas, as Plaintiff's voluntary dismissal was entered by the Court within the time allowed for controverting Defendant's Plea of Privilege.

"5. The dismissal order entered by the 157th District Court of Harris County, Texas was not a definite judgment of condemnation or dismissal as there was no adjudication of the merits or issues involved in a Plea of Privilege.

"6. The dismissal order was not rendered on the merits or issues involved in the Plea of Privilege as there were no venue issues joined and does not operate as Res Judicata on the question of venue."

We quote the pertinent parts of the Court's additional Findings of Fact:

"1. Citation was had on said Jack B. Baucom in the Harris County suit on June 16, 1961, and service perfected in San Patricio County, Texas.

"2. On or about the 24th day of June, 1961, the defendant, Jack B. Baucom, duly and timely filed his plea of privilege to the suit in Harris County, brought by the Hy-Lay Hatcheries, Inc.

"3. The dismissal of the Harris County suit was approved by Ross, Banks and May, Attorneys for Plaintiff, by E. B. Laughlin, 2711 Main Street, Houston, Texas, and said order of dismissal appears of record in the office of the District Clerk of Harris County, Texas, in Vol. 171, page 592, of the Minutes of the 157th District

Court of Harris County, Texas; and no controverting plea had been filed in said cause.

"4. The Plaintiff appeared in open court and dismissed the Harris County cause from the docket and said cause was thereupon dismissed by Judge Phil Peden, Judge of the 157th District Court of Harris County, Texas, on the 3rd day of July, 1961.

"5. Citation was duly had on Jack B. Baucom in said Cause No. 16,094, pending in the 85th District Court of Brazos County, Texas, and styled Hy-Lay Hatcheries, Inc., v. Jack B. Baucom, on the 5th day of July, 1961, in San Patricio County, Texas.

"6. Thereafter on the 27th day of July, 1961, the defendant, Jack B. Baucom, duly and timely filed in said Cause No. 16,094, styled Hy-Lay Hatcheries, Inc., v. Jack B. Baucom, pending in the 85th District Court of Brazos County, Texas, his plea of Res Judicata; that, by letters addressed to Judge John M. Barron, from the plaintiff and defendant, it was agreed that said Plea of Res Judicata should be and was submitted to the court on written briefs."

Appellant has assailed the judgment of the Trial Court substantially on the ground that when plaintiff filed his suit in the District Court of Harris County, and defendant seasonably filed his Plea of Privilege, that the issue of venue was joined, and that since the plaintiff voluntarily dismissed his suit, that it was an admission that the Plea was good and had the effect of fixing the venue of any subsequent suit between the parties involving the same subject matter in the County where the Plea of Privilege alleged it rightfully to be. We think the Findings of Fact of the Trial Court bring this cause squarely within the Rule announced by our Supreme Court in Royal Petroleum Corporation v. McCallum, 134 Tex. 543, 135 S.W.2d 958. Our Supreme Court reannounced and approved the foregoing doctrine in Tempelmeyer **v.** Blackburn, 141 Tex. 600, 175 S.W.2d 222. In that opinion we find this statement of the Rule:

"A statutory plea of privilege is more than a pleading. It is prima facie proof of the defendant's right to have the venue changed from the county in which the suit was filed to the county named in the plea. Art. 2007, Vernon's Texas Statutes, Rule 86, Texas Rules of Civil Procedure. When the appellants took a nonsuit as against appellee they thereby abandoned their contest of his plea of privilege and made the admission in court that it was well taken. That was an admission not only that venue was improperly laid in Dallas county, but that the appellee had the right to have the venue changed to Victoria county."

It is our view that under the foregoing decisions of the Supreme Court that when the plaintiffs voluntarily dismissed their suit after defendant had filed his Plea of Privilege, that the effect of this dismissal was to admit that the defendant's plea of privilege was good and it was the duty of that Court to transfer the cause to the county of defendant's residence. Being of this view, it was the duty of the Trial Court of Brazos County to sustain defendant's plea of Res Judicata, and transfer this cause to the District Court of San Patricio County, Texas. See also Slack v. The Allen Military Academy, Tex.Civ.App., 289 S.W.2d 783, writ dis.; Picadilly Cafeteria of Waco v. Lee, Tex.Civ.App., 301 S.W.2d 228, n. w. h.; Waxahachie Bank & Trust Company v. Price, Tex.Civ.App., 308 S.W.2d 158, n. w. h.; Gathright v. Riggs, Tex.Civ.App., 344 S.W.2d 757, n. w. h.

Accordingly, the judgment of the Trial Court is reversed and rendered, and all costs to date are taxed against appellee.