**Virgil SHAVER et ux., Appellants,**

v.

**Martha Lesser SHAVER, Appellee.**

**No. 4272.**

Court of Civil Appeals of Texas.

Waco.

Oct. 15, 1964.

Rehearing Denied Nov. 5, 1964.

Harkness & Friedman, Texarkana, for appellant.

Louis S. Aselin, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the Trial Court striking appellants' plea of privilege, and awarding custody of a minor child to appellee.

Appellee filed application for writ of Habeas Corpus in the Court of Domestic Relations No. 2 Harris County, Texas, alleging that appellee had been given custody of a minor child in a prior divorce action; that she had permitted the minor child to visit appellants (the child's grandparents) in Bowie County; and that appellants refused to return the child. Appellee prayed that the child be produced by appellants in Domestic Relations Court No. 2, Harris County, and that they be required to show cause why the child should not be returned to appellee. Appellants were

served with citation and an order to bring the minor child before the court. Appellants filed a plea of privilege to be sued in Bowie County, Texas, the county of their residence. Appellee did not file a controverting affidavit to such plea of privilege but, instead, filed a motion to strike such plea of privilege, asserting that the "residence of the minor child was in Harris County, Texas," and such fact gave the Harris County Court "exclusive venue."

The Trial Court thereafter entered an order granting appellee's "motion to strike respondents' plea of privilege." The court further found that appellants were illegally holding the minor child from custody of appellee and ordered appellants to deliver the minor child to the appellee.

Appellants appeal, contending the Trial Court erred in striking their plea of privilege, and in not transferring the cause to Bowie County, Texas (appellee having filed no controverting affidavit).

The sole issue is whether parties commanded by Habeas Corpus proceedings to produce a child, are adverse parties to proceedings, and sued within the purview of the venue statute. This question is answered in the affirmative by our Supreme Court in Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79. Such case holds that a proceeding in Habeas Corpus to determine possession of a minor child, is a suit involving custody likewise, and that the respondents (appellants here) in such suit are adverse parties to the proceedings and are sued within the purview of the venue Statutes. The Trial Court therefore erred in striking appellants' plea of privilege, and since the appellee did not file a controverting plea within 10 days, as required by Rule 86, Texas Rules of Civil Procedure, the Trial Court was deprived of jurisdiction except to transfer the case. Calvert Fire Ins. Co. v. Carroll, CCA (n. w. h.) 231 S.W.2d 490; Bell v. Jasper Lbr. Corp., CCA, W/E Dis., 287 S.W.2d 746; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154.

The judgment of the Trial Court is reversed and judgment here rendered that the cause be transferred to the District Court of Bowie County, Texas. Reversed and rendered.