**Walter Lee KNAPP, Jr., et ux., Appellants,**

**v.**

**Vicki Gayle KNAPP, Appellee.**

**No. 11256.**

Court of Civil Appeals of Texas.

Austin.

Jan. 20, 1965.

Knudtson & Winget, Amarillo, for appellants.

Gay & Meyers, and Black & Stayton, Austin, for appellee.

HUGHES, Justice.

This appeal is prosecuted by Walter Lee Knapp, Jr. and wife, Deann Knapp, from an order overruling their pleas of privilege to be sued in Potter County and from an order, the material portion of which provides:

"It is therefore ORDERED, ADJUDGED AND DECREED by the court that cross-plaintiffs, Walter Lee Knapp, Jr., and Deann Knapp, their agents, employees, assigns and associates, be and they are hereby enjoined and ordered by this court, on all occasions and on each and every year hereafter, to return, at the expense of cross-plaintiffs, the children, Sheri Lynn Knapp and Dustin Lee Knapp, to the home of cross-defendant, Vicki Gayle Knapp, immediately upon the expiration of each and every two weeks' visitation period, as granted and defined by the Domestic Relations Court of Potter County, Texas, in its judgment in Cause No. 8183, styled Walter Lee Knapp, Jr. v. Vicki Gayle Knapp, and said cross-plaintiffs, their agents, employees, assigns and associates, are further enjoined and ordered by this court, on all other occasions when said cross-plaintiffs take the children, or either of them, away from the home of cross-defendant, Vicki Gayle Knapp, to return both of said children to the home of cross-defendant before six o'clock p. m., on the same day that the children are taken.

"Subject to the foregoing, the motion for voluntary non-suit and dismissal of their cross-action by cross-plaintiffs Walter Lee Knapp, Jr. and Deann Knapp is hereby granted and the said cross-action is hereby dismissed without prejudice to cross-plaintiffs."

These orders were entered May 6, 1964.

The background of this case is reflected by the following facts:

On September 5, 1963, appellee filed a petition for habeas corpus and attachment in the court below wherein she sought to regain custody of her two children of which custody she had been wrongfully deprived and upon which petition the trial court issued its order in accordance therewith and ordered a hearing in its courtroom on Sep-

tember 10, 1963, "at which time the court will hear evidence, if any there may be, as to why petitioner's right to custody of the two said minors should not be enforced."

This writ was executed in Potter County, the two children being surrendered by appellants to the officer serving the writ.

On September 9, 1963, appellants filed their pleas of privilege to be sued in Potter County. Subject to these pleas of privilege appellants filed an answer and cross action for a modification of the original divorce decree as to its custody provisions relating to these minors.

On September 10, 1963, appellee moved for and was granted a voluntary non-suit of its petition for habeas corpus and attachment, without prejudice to appellants' cross action.

On September 10, 1963, appellee filed an answer and counterclaim to the cross action of appellants.

On October 10, 1963, the trial court overruled appellants' pleas of privilege.

On December 20, 1963, the trial court granted appellee's motion to dismiss her counterclaim filed on September 10, 1963.

An appeal was taken from the order of October 10, 1963, overruling appellants' pleas of privilege to this court. We dismissed the appeal as moot. Knapp v. Knapp, Tex.Civ.App., 375 S.W.2d 359.

On February 18, 1964, appellee filed a motion requesting a hearing on any motion for "non-suit which may be filed by cross plaintiffs" in which she alleged and prayed as follows:

"I.

"The best interests and welfare of the children, Sheri Lynn Knapp and Dustin Lee Knapp, require that this cause be set for trial on the merits and thereafter disposed of without further delay.

"II.

"The attorney for cross-plaintiffs has advised the attorney for cross-defendant that cross-plaintiffs will request a non-suit if their counterclaim is set for trial on the merits. Cross-defendant would show that the best interest and welfare of the children require that the Court examine the over-all circumstances of custody prior to dismissing cross-plaintiffs' counterclaim, and would further show that cross-plaintiffs have no right to a dismissal until after this Court has held such a hearing, if the Court deems same to be necessary or important under the circumstances.

"WHEREFORE, cross-defendant prays that this cause be set down for trial at the earliest possible date and, in the event cross-plaintiffs request a voluntary dismissal of their counterclaim, that the Court deny same pending a hearing to determine the best interests and welfare of the children in light of the over-all circumstances of custody."

On February 24, 1964, appellants filed a motion to nonsuit their cross action previously filed on September 9, 1963.

On April 13, 1964, appellants filed the pleas of privilege involved in this appeal.

This case points up the problem and need for legislation discussed and suggested in Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79.

Here the parties, jockeying for what they must conceive to be a favorable venue or to avoid an unfavorable venue in which to litigate custody of the minor Knapp children have, on the one hand, willfully violated a judgment of the Court of Domestic Relations of Potter County and, on the other hand, have utilized an abortive writ of habeas corpus to restore the status quo. Neither of these stratagems is advisable or commendable. They should not be employed.

However deplorable the result may be, the Courts are bound by the venue statutes and, until changed by the Legislature, must enforce them as written.

Knollhoff, supra, holds that a suit in the form of habeas corpus but the real purpose of which is to adjudicate the custody of a minor child is a civil suit subject to our venue statutes. The same holding is made in Shaver v. Shaver, 383 S.W.2d 259, Waco C.C.A. Thus, it appears that if appellee had not dismissed her habeas corpus suit, the trial of it would have been transferred to Potter County. It is also the law that taking a nonsuit under these circumstances is an admission that the plea of privilege is good and that upon the same suit being refiled the court is obligated to transfer the suit to the County of the defendant's residence. Baucom v. Hy-Lay Hatcheries, Inc., 355 S.W.2d 754, Waco C.C.A. It follows that if appellee by her pleading filed February 18, 1964, and from which we have quoted, has, in substance, refiled the previously dismissed custody (habeas corpus) suit, then the court should have transferred it to Potter County.

The pleading filed by appellee is artfully drawn and while it does not request any relief for herself it can safely be said that if the court granted her request that it "examine the over-all circumstances of custody" she did not expect to suffer as a result.

It is our conclusion that this pleading put in issue the custody of the Knapp minor children and that, under the authorities above cited, such controversy should have been transferred to the Court of Domestic Relations of Potter County.

We are also of the opinion that the court erred in enjoining appellants from violating the judgment of the Domestic Relations Court of Potter County in Cause No. 8183, on the docket of such court, it appearing from the record that appellants are residents of Potter County. The Judge of the trial court was a non-resident Judge within the meaning of Article 4643, Vernon's Ann.Tex.Civ.St. Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283. No attempt was made to comply with this Article. Neither was the injunction made returnable to Potter County as required by Art. 4656, V.T.C.S.

Appellee cites and relies upon the decision in McClendon v. McClendon, 289 S.W.2d 640, Fort Worth C.C.A., no writ history, as sustaining the authority of the trial court to issue the injunction against appellants.

In that case the court held that a nonsuit in an action for divorce, division of property and custody of four minor children did not deprive the court of jurisdiction to grant temporary custody of the children to the County Probation officer.

The trial court here did not enter any custody order. It entered a purely injunctive decree. It did nothing but order obedience to the Potter County judgment. The injunction was not ancillary to any other relief granted. It was the only relief granted. For these reasons, McClendon, in our opinion, is inapplicable, and the injunction falls clearly within the statutes above cited.

We also believe it appropriate to state that we have implicit confidence in the Court of Domestic Relations of Potter County, and we have no doubt but that it will enforce its judgment in this case as long as it is in effect.

The injunction issued by the trial court is dissolved.

The issues raised by appellee's pleading of date February 18, 1964, are ordered transferred to the Court of Domestic Relations of Potter County.

Injunction dissolved.

Pleas of privilege sustained.