Robert Wayne CHAMBERS, Appellant,

v.

Betty Chambers WILSON, Appellee.

No. 15556.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 11, 1969.

Fulbright, Crooker, Freeman, Bates & Jaworski, Kelly Dan Williams, Houston, Walter P. Wolfram, Amarillo, of counsel, for appellant.

No brief filed for appellee.

COLEMAN, Justice.

This is an appeal from an order overruling a plea of privilege filed in a habeas corpus proceeding for possession of minor children.

The petitioner, Betty Chambers Wilson, filed this suit in the form of a habeas corpus proceeding alleging that Betty Lee Chambers and Elizabeth Dianne Chambers, the children of a dissolved marriage between Betty Nell Chambers and Robert Wayne Chambers, were being illegally restrained of their liberty in that they were taken from her lawful custody and possession in Harris County by their father, Robert Wayne Chambers, and were, at the time of the filing of the pleading, residing with their father in Potter County, Texas. She alleged that she had been given legal custody of the children by a decree of the Court of Domestic Relations of Potter County, and that this decree has not been changed or amended.

Robert Wayne Chambers filed a plea of privilege to be sued in Potter County, Texas, the county of his residence, and, subject to the plea of privilege, an answer and cross-action. The petitioner filed a controverting plea, in which she alleged that appellant had submitted himself to the jurisdiction of the court by filing the cross-action for custody, and that the application for the writ did not constitute a new and independent cause of action because of the Potter County judgment awarding her custody of the minor children.

After a hearing the trial court overruled the plea of privilege and ordered that the children be discharged from the custody and restraint of appellant and that they be returned forthwith to the lawful custody of petitioner, Betty Chambers Wilson. The trial court erred in overruling the plea of privilege.

■ This proceeding, although intended perhaps to determine possession only, necessarily was one involving custody, and was a civil suit subject to the provisions of Art. 1995, Vernon's Ann.Civ.St. The venue of such a suit lies in the county of the residence of the party who is alleged to have the possession of the children, or to be restraining them of their liberty, and thereby becomes the defendant in the proceedings. There is no exception to exclusive venue in the county of the residence of the defendant provided in Art. 1995, which is applicable to this suit involving the custody of minor children. Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953); Shaver v. Shaver, 383 S.W.2d 259 (Tex. Civ.App.–Waco 1964)

Neither can the action of the trial court be sustained by reason of the matters raised in the controverting affidavit. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); Houseman v. Mahin, 390 S.W.2d 732 (Tex.1965); McDonald, Texas Civil Practice, Vol. 1, § 4.40, pp. 426, 430, n. 31.

The judgment is ordered reversed and remanded with instructions that the suit be transferred to the District Court of Potter County, Texas.