The **QUADRANT CORPORATION,**
Appellant,

v.

**Jerry RAMO et ux., Appellees.**

No. 803.

Court of Civil Appeals of Texas,
Tyler.

Feb. 13, 1975.

Robert E. Wood, Jr., Dallas, for appellant.

Charles H. Clark, Tyler, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from an order overruling Quadrant Corporation's (appellant) plea of privilege to have the cause of action against it transferred to Dallas County. This suit was originally filed in the court below by Jerry Ramo and wife, Elaine Ramo, the appellees, against Quadrant and Richard Irey. Subsequently, appellees filed their First Amended Original Petition naming Quadrant and Weyerhaeuser Company as defendants. By virtue of the amended petition, defendant, Richard Irey, was omitted from the suit.

Quadrant filed its plea of privilege on May 14, 1974, seeking to have the cause of

action against it transferred to Dallas County, the Ramos timely filed their controverting plea and affidavits in answer to Quadrant's plea of privilege and Quadrant's plea of privilege came on to be heard on July 9, 1974. It was overruled by the order of the trial court on July 25, 1974. It is from this order that Quadrant has appealed and the record was filed in this court on July 29, 1974.

On July 23, 1974, the Ramos took a non-suit as to the defendant Weyerhaeuser.

On January 6, 1975, the Ramos filed a motion to dismiss appellant's appeal contending that the question before this court is now moot. Appellant filed an answer resisting the motion to dismiss, his main concern being the affect of the dismissal of the appeal, that is, what effect a dismissal would have in the event the suit was refiled and he again filed a plea of privilege.

■ When the trial court in the exercise of its authority permitted appellees to take a non-suit and dismiss the cause of action against Quadrant, the venue question presented in this appeal became moot. Therefore, we have no authority to determine the venue of a non-existing suit. Picadilly Cafeteria of Waco v. Lee, 289 S. W.2d 790 (Tex.Civ.App., Dallas, 1956, n. w.h.) and cases therein cited. We sustain the motion to dismiss the appeal.

■ Pursuant to our authority to enter orders without prejudice, Riggins v. Richards, 97 Tex. 526, 80 S.W. 524 (1904); Connecticut General Life Ins. Co. v. Mathis, 91 S.W.2d 1184 (Tex.Civ.App., Waco, 1936, n.w.h.) and Picadilly Cafeteria of Waco v. Lee, supra, we order the appeal dismissed without prejudice to appellant's right to again file its plea of privilege should appellees refile their suit and the same venue issue arises; and without prejudice to the right of either party to appeal from an adverse order of the trial court acting on the plea of privilege. Picadilly Cafeteria of Waco v. Lee, supra.

We believe this order of dismissal protects the rights of appellant if appellees should refile their suit. See Picadilly Cafeteria of Waco v. Lee, 301 S.W.2d 228 (Tex.Civ.App., Dallas, 1957, n.w.h.) and Baucom v. Hy-Lay Hatcheries, 355 S.W.2d 754 (Tex.Civ.App., Waco, 1962, n.w.h.).

The appeal is dismissed without prejudice at the cost of appellees.