**Arturo GARZA, Jr., ex ux., Appellants,**

v.

**Diana Elsa SCHILLING, Appellee.**

No. 1380.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 29, 1978.

Norma D. Gonzales, Oxford, Oxford & Brasier, Edinburg, for appellants.

Mario H. Rivera, Coastal Bend Legal Services, Inc., Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

The primary issue in this appeal is what, if any, venue provisions apply to a habeas corpus suit filed under Tex.Fam.Code Ann. § 14.10(e) (Supp.1978).

On April 10, 1978, Diana Elsa Schilling, appellee, filed in Nueces County an application for writ of habeas corpus seeking return of her child, Reuben Christopher Schilling, who was allegedly being illegally restrained in Hidalgo County by Arturo, Jr., and Maria Estella Garza, appellants. That same day, the court entered an order setting a hearing on the application for April 18, 1978, and granted a writ of attachment ordering that Reuben be produced in court on April 18. Appellee's application for attachment briefly explained that she had given birth to Reuben on January 22, 1978. She retained custody of the baby until March 6, 1978, when she placed the child in the possession of her cousin, Reymundo Martinez. Martinez later delivered the child to the appellants for adoption. Appellee subsequently requested the appellants to return the child, but they repeatedly refused. Appellee then applied for the instant writ. Appellants had filed a plea of privilege on April 17 to have the proceeding transferred to Hidalgo County.

The application for habeas corpus came on for hearing before the trial court on April 18. The appellants produced Reuben in court as requested. To this time, appellee had not responded to the appellants' plea of privilege by filing a controverting affidavit. At the beginning of the hearing, however, she did request that the court allow her ten days to respond to the plea. Instead of granting the request, the court asked counsel for the appellants to stipulate that the appellee had filed a sworn controverting affidavit stating that appellee was the mother of the child and that she resided in Nueces County. Appellants agreed to such request and also stipulated that appellee was indeed the mother of the child. The

court then overruled the appellants' plea of privilege.

Immediately thereafter, appellants' counsel introduced a document entitled "Respondents' Answer, Cross-Action, Request for Termination of Parent-Child Relationship, & Temporary Orders to Applicant's Habeas Corpus Application." The document had not, to that time, been filed with the clerk, but the parties agreed to hear the request in the responsive pleading for temporary orders. After hearing argument of counsel, the court entered an order establishing the child's maternal grandmother, Mrs. Mary Vallejo, as temporary managing conservator; the child's mother, appellee, as temporary possessory conservator; and appellants as temporary possessory conservators for one hour per week. Appellants do not appeal from the granting of the temporary orders but appeal only from the denial of the plea of privilege.

Appellants bring one point of error wherein they contend that the trial court erred in overruling their plea of privilege because the venue provisions of Tex.Rev. Civ.Stat.Ann. art. 1995 (1964) apply and require that the habeas corpus application be transferred to Hidalgo County, the residence of the appellants.

In order to evaluate appellants' assertion, we must determine first whether the venue provisions in Tex.Fam.Code Ann. § 11.04 (Supp.1978) control the instant case, and, if not, whether the venue provisions of Article 1995 control.

Section 14.10 of the Family Code sets forth the rules applicable to a habeas corpus proceeding initiated for the purpose of regaining possession of a child.[1] Prior to the promulgation of this Section, an application for habeas corpus brought to regain possession of a child was deemed to also raise the issue of proper custody. *Knollhoff v. Norris,* 152 Tex. 231, 256 S.W.2d 79 (1953). See Jones, Child Custody Modification and the Family Code, 27 Baylor L.Rev. 725 (1975). *Legate v. Legate,* 87 Tex. 248, 28 S.W. 281 (1894) was a forerunner of the cases which combined the issue of proper custody with the right of possession in a habeas corpus proceeding. Venue in such modified habeas corpus suits was dictated by Article 1995. *Knollhoff v. Norris,* supra; *Chambers v. Wilson,* 448 S.W.2d 861 (Tex.Civ.App.— Houston [1st Dist.] 1969, no writ).

■ Section 14.10 of the Family Code overruled the prior case law which previously permitted a habeas corpus proceeding to put the right of custody in issue. *Trader v. Dear,* 565 S.W.2d 233, 235 (Tex.Sup.1978);

1. "§ 14.10  Habeas Corpus

    (a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

    (b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that:

    (1) the previous order was granted by a court that did not have jurisdiction of the parties; or

    (2) the child has not been in the relator's possession and control for at least 6 months immediately preceding the filing of the petition for the writ.

    (c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

    (d) While in this state for the sole purpose of compelling the return of a child through a ha-

beas corpus proceeding, the relator is not amenable to civil process and is not subject to the jurisdiction of any civil court except the court in which the writ is pending and in that court only for the purpose of prosecuting the writ.

    (e) If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

    (f) The court shall disregard any motion for temporary or permanent adjudication relating to the possession of the child in a habeas corpus proceeding brought under Subsection (e) of this section unless at the time of the hearing an action is pending under this statute, in which case the court may proceed to issue any temporary order as provided by Section 11.11 of this code."

*Strobel v. Thurman*, 565 S.W.2d 238, 239 (Tex.Sup.1978). See Smith, Commentary on Title Two, Texas Family Code, 5 Tex. Tech.L.Rev. 389, 435–36 (1974). *Strobel v. Thurman* set out the change in the law as follows:

> "The Code restored the writ of habeas corpus to its purpose as an ancient common law writ. As such, it is a ready means for deliverance of a child from an unlawful detention. It has often been termed the Great Writ. Its special value comes not only from its purpose, but also from the speed and simplicity with which it may and should be employed."

■ *Strobel* and *Trader* both dealt with habeas corpus proceedings involving subsection (a) of Section 14.10 of the Family Code, namely, the one in which custody of the child was controlled by prior court order. We hold that the purpose of a habeas corpus proceeding brought under Section 14.10(e) is identical to the purpose of a proceeding brought under subsection (a) as stated above. In other words, a proceeding brought under Section 14.10(e) should also be treated as an ancient common law writ; i. e., it should be expeditiously and simply treated with the sole purpose of giving possession to a parent with that right. See Smith, Commentary on Title Two, Texas Family Code, 8 Tex.Tech.L.Rev. 19, 90 (1976).

■ Section 14.10, however, makes no provision for the venue of a habeas corpus proceeding brought under its terms. The venue provision in the Family Code, Section 11.04 provides:

> "(a) Except as otherwise provided in this subtitle, a *suit affecting the parent-child relationship* shall be brought in the county where the child resides . . ." (Emphasis supplied)

Thus, the venue provision applies only to a "suit affecting the parent-child relationship."

■ Tex.Fam.Code Ann. § 11.01(5) (1975) defines a suit affecting the parent-child relationship as "a suit brought under this subtitle in which . . . access to . . . a child . . . is sought."

"Access to", as used in Section 11.01(5), is limited to a suit brought for determination of the legal right of access to a child rather than to enforce a right of possession under a court order or by virtue of parental rights as enumerated in Tex.Fam.Code Ann. § 12.-04 (Supp.1978). *Ex Parte Jabara*, 556 S.W.2d 592, 596 (Tex.Civ.App.—Dallas 1977, no writ). See also *Trader v. Dear*, supra at 235. A proceeding brought under Section 14.10(e) is brought solely for the purpose of preventing illegal restraint of a child, rather than determining who has the legal right to possession. Consequently, it is not a "suit affecting the parent-child relationship" and the Family Code venue provision, Section 11.04, does not apply to a proceeding under Section 14.10(e).

We next consider whether Article 1995 pertains to a habeas corpus proceeding under Section 14.10(e). We think it does not.

■ Article 1995 provides in pertinent part:

> "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases; . . ."

This language clearly requires a "suit" in order for the venue provisions to apply. Appellants rely upon *Knollhoff v. Norris*, supra, for the proposition that a habeas corpus proceeding involving possession of a child is subject to the venue provisions of Article 1995. *Knollhoff* concerned a habeas corpus proceeding brought by a divorced father to gain possession of his child, after the mother, who formerly had custody of the child, died and third parties husband and wife, the Knollhoffs, took possession of the child. The Knollhoffs filed a plea of privilege to be sued in their home county. The Supreme Court held that the habeas corpus suit was a civil action so as to be within the purview of the venue statute. Its underlying rationale was twofold. First, the Court stated that any habeas corpus proceeding automatically involves the court's power to adjudicate custody, and a custody determination is like any other civil suit which is controlled by the venue

statutes. Secondly, the court asserted that when a parent files a habeas corpus proceeding seeking return of a child, the parent, of necessity, becomes an adversary and the action takes on the character of a civil suit.

 The law relative to habeas corpus proceedings has changed, though. *Trader v. Dear,* supra. Custody is no longer involved, and thus the rationale that a habeas corpus proceeding is tantamount to a custody suit for purposes of venue no longer applies. The second part of the rationale, that a habeas corpus proceeding necessarily becomes an adversary suit because the party in alleged illegal possession of a child is adverse to the parent of the child, also no longer applies. Custody is no longer an issue in the habeas corpus proceeding. The relief sought is on the child's behalf; i. e., to have the child produced in court and delivered to its then rightful custodian. This is not a civil suit but is rather an "exercise of a special jurisdiction conferred by the Constitution and laws upon either the courts or judges, for the prompt relief of the citizen against any improper interference with his personal liberty." *McFarland v. Johnson,* 27 Tex. 105, 109 (1863); *Knollhoff v. Norris,* supra at 85 (Wilson, J., dissenting), Tex.Const. art. I, § 12, art. V, § 8. *Knollhoff* no longer controls the venue issue in a habeas corpus action to gain possession of a child.

Furthermore, it should be noted that at the time the plea of privilege herein was considered, the appellants had not joined issue with the appellee on the merits of the proceeding; the issue of rightful custody was uncontested; appellants admitted that appellee was the child's mother and merely made allegations concerning the proper venue. Moreover, appellee's pleadings only requested that Reuben be released from illegal restraint. No issue as to proper custody was raised.

To hold that one could bring a plea of privilege in the instant habeas corpus proceeding would destroy the very function which habeas corpus was designed to serve; i. e., speedy relief from illegal restraint.

*Compare Ex Parte Ramzy,* 424 S.W.2d 220 (Tex.Sup.1968). Allowing a plea of privilege to be urged in the instant suit would be contrary to the previously stated purpose of Section 14.10(e).

Accordingly, we find that the venue provisions of Article 1995 do not apply to a habeas corpus proceeding under Section 14.10(e) of the Family Code. The trial judge properly overruled appellants' plea of privilege.

The judgment of the trial court is affirmed.