**Apolonio ALVARADO, Sr., et al., Appellants,**

**v.**

**Maria ALVARADO, Appellee.**

**No. 1504.**

Court of Civil Appeals of Texas, Corpus Christi.

June 13, 1979.

2. *Saenz v. University Interscholastic League,* 487 F.2d 1026 (5th Cir. 1973).

Steven Gross, San Antonio, for appellants.

Anita Janene Forster, Ricardo L. Laurel, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

In this habeas corpus case involving an appeal from an order of the trial court awarding possession of a child to his mother, the controlling issue concerns the jurisdiction of the trial court to enter its order. We affirm and hold that a habeas corpus proceeding brought pursuant to Tex.Fam. Code Ann. § 14.10(a) (Supp.1979) may be filed in the county where relator resides.

This habeas corpus proceeding was initiated on January 8, 1979, by Maria Alvarado in the 105th District Court of Nueces County. In her sworn application for a writ of habeas corpus Maria (relator), a resident of Nueces County, contended that she was presently entitled to possession of Jason Alvarado by virtue of an order rendered by the 57th District Court of Bexar County on July 29, 1974, in Cause No. 74CI–5009, styled "In The Matter of the Marriage of Marcus Narvarz, Jr., and Maria Perez Narvarz and in the Interest of Gabriel Narvarz, Mark Anthony Narvarz, Sharon Narvarz, Children." In the divorce decree rendered by the Bexar County District Court, a certified copy of which was attached to relator's application for habeas corpus, relator was appointed managing conservator of Jason Alvarado. According to relator's application, Jason was presently being illegally restrained by Apolonio and Socorro Alvarado (respondents) in Medina County, Texas.

In response to the application for writ of habeas corpus, respondents filed a motion to dismiss the application for want of jurisdiction. According to the motion to dismiss, Jason Alvarado had resided in Medina County for more than two years. It was contended in the motion to dismiss that the habeas corpus proceeding should either be heard in Medina County pursuant to Tex. Fam.Code Ann. § 11.04(c)(4) (Supp.1979) or in Bexar County pursuant to Tex.Fam.Code Ann. § 11.05 (Supp.1979).

During argument before the trial court upon relator's application and respondents' motion to dismiss, it was stipulated by the parties that the child, Jason, presently resided in Medina County. There was no indication, however, of the actual physical location of Jason at the time relator filed her application for writ of habeas corpus. We take the relator's allegation in her application that Jason was illegally restrained in Medina County to be a judicial admission that Jason was not physically present in Nueces County at the time the application was filed.

On January 15, 1979, the 105th District Court of Nueces County rendered an order awarding possession of Jason Alvarado to relator based upon the Bexar County divorce decree. In its order, the court stated it was "of the opinion that said motion is improperly filed in Nueces County and that this matter should therefore be dismissed for want of jurisdiction." Nevertheless, the court awarded possession of Jason to relator. Thus, the court, in effect, granted the writ of habeas corpus.

Respondents now seek to set aside the court's order as being void for want of jurisdiction. They argue that under *Trader*

*v. Dear*, 565 S.W.2d 233 (Tex.1978), the filing of a habeas corpus proceeding pursuant to Section 14.10(a) of the Family Code is limited to the courts of any county in which the child is found, as well as in the court of continuing jurisdiction.

Section 14.10[1] of the Family Code sets forth rules applicable to a habeas corpus proceeding initiated for the purpose of regaining possession of a child. Section 14.10, however, makes no provision for jurisdiction of a habeas corpus proceeding brought under its terms. In point of fact, jurisdiction is conspicuously mentioned in TITLE 2, SUBTITLE A of the Family Code, of which section 14.10 is a part, only in the context of "continuing jurisdiction," a concept which has proved a continuing cause of confusion in the courts.

The concept of "continuing jurisdiction" is fixed by the Family Code in section 11.05(a) (Supp.1978), which provides:

"Except as provided in Subsections (b), (c), and (d) of this section, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in section 11.06 of this code."

In *Trader, supra*, it was argued that a section 14.10 habeas corpus proceeding could be filed only in the county of the court of continuing jurisdiction. In that case husband and wife were divorced in Harris County and wife was awarded managing conservatorship of her daughter. Eventually, though, the daughter came to live with the father in Travis County where the mother filed a habeas corpus proceeding under section 14.10 of the Family Code. The district court of Travis County denied her application for habeas corpus and she sought mandamus in the Supreme Court to compel the trial judge to grant the application. The Court, while acknowledging the Harris County Domestic Relations Court to be the court of continuing jurisdiction, granted the mother's petition for mandamus. In doing so, the court stated:

"The habeas corpus proceeding under the Family Code may be filed in the courts of any county in which the child is found, as well as in the court of continuing jurisdiction to enforce an outstanding order. *McElreath v. Stewart*, 545 S.W.2d 955

1. "1. § 14.10 Habeas Corpus

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that:

(1) the previous order was granted by a court that did not have jurisdiction of the parties; or

(2) the child has not been in the relator's possession and control for at least 6 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

(d) While in this state for the sole purpose of compelling the return of a child through a habeas corpus proceeding, the relator is not amenable to civil process and is not subject to the jurisdiction of any civil court except the court in which the writ is pending and in that court only for the purpose of prosecuting the writ.

(e) If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties and powers of a parent as set forth in Section 12.04 of this code.

(f) The court shall disregard any motion for temporary or permanent adjudication relating to the possession of the child in a habeas corpus proceeding brought under Subsection (e) of this section unless at the time of the hearing an action is pending under this statute, in which case the court may proceed to issue any temporary order as provided by Section 11.11 of this Code."

(Tex.1977); *Ex Parte Jabara*, 556 S.W.2d 592 (Tex.Civ.App.—Dallas 1977)."

*Trader, supra* at 235.

Subsequently, in *Garza v. Schilling*, 576 S.W.2d 147 (Tex.Civ.App.—Corpus Christi, 1978, no writ), this Court faced a similar issue of construing the effect of the venue rules upon habeas corpus proceedings brought under section 14.10 of the Family Code. In *Garza*, which involved a proceeding brought under section 14.10(e), instead of 14.10(a), as in *Trader*, a mother filed an application for writ of habeas corpus in Nueces County, where she resided, seeking the return of her child who was allegedly being illegally restrained in Hidalgo County. The sole point of error on appeal was whether the district court of Nueces County erred in overruling the respondents' plea of privilege to be sued in Hidalgo County. Like the problem of jurisdiction, section 14.10 of the Family Code is silent on the question of venue.

In holding in *Garza* that neither the venue rules provided in Tex.Fam.Code.Ann. § 11.04 (Supp.1979) nor those in Tex.Rev. Civ.Stat.Ann. art. 1995 (1964) apply to a section 14.10 habeas corpus proceeding, we merely expressed that which was implicit in *Trader*. Specifically, we held that habeas corpus under section 14.10 was not a "suit affecting the parent-child relationship" as that phrase is used in the Family Code. *See Ex Parte Jabara*, 556 S.W.2d 592 (Tex. Civ.App.—Dallas 1977, no writ).

We believe a logical corollary of our holding in *Garza* is that the district court of the county where relator resides has jurisdiction to entertain a habeas corpus proceeding under section 14.10 of the Family Code although the county where the child is found and the county of the court of continuing jurisdiction are elsewhere. Such a rule does not conflict with the Supreme Court's language in *Trader*, which involved the filing of a habeas corpus proceeding in the county where the child was found, as did the authorities cited therein. *See McElreath v. Stewart*, 545 S.W.2d 955 (Tex.Sup. 1977); *Ex Parte Jabara*, 556 S.W.2d 592 (Tex.Civ.App.—Dallas 1977, no writ). The

question of whether relator could also file a habeas corpus proceeding in the county of his or her residence was never at issue in *Trader*, or in the cases relied upon by the Supreme Court.

Our express holding in the case at bar is clearly consistent with the policy of the Family Code as was so eloquently stated by the Supreme Court in *Trader*. According to *Trader*, by enacting the Family Code the Legislature "adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suit in random courts." *Trader, supra* at 235. As part of this scheme, the Legislature drafted section 14.10, which was designed to "overrule that body of law which previously permitted a habeas corpus proceeding to put in issue anew the right of custody." Instead, section 14.10

"... restored the writ of habeas corpus to its purpose as an ancient common law writ. As such, it is a ready means for deliverance of a child from unlawful detention. It has often been termed the Great Writ. Its special value comes not only from its purpose, but also from the speed and simplicity with which it may and should be employed."

*Strobel v. Thurman*, 565 S.W.2d 238, 239 (Tex.1978).

Allowing a relator to file a habeas corpus proceeding under section 14.10 in the county of his or her residence will certainly insure the writ as a "ready means for deliverance of a child from unlawful detention." Consider the injustice which could occur if *Trader* were read restrictively to limit habeas corpus filings to counties where the child was found or to the county of the court of continuing jurisdiction. Assume: 1) that husband and wife are divorced in Texarkana, Texas, and that wife is awarded managing conservatorship of the child; 2) that mother and child move to Brownsville, Texas, while father moves to El Paso, Texas; 3) that father kidnaps the child and takes him to El Paso. Under respondent's strict reading of *Trader* the mother in this

hypothetical example would be forced to travel either to Texarkana or El Paso in order to file a habeas corpus proceeding. Such a result is obviously unjust and clearly inconsistent with the Family Code's purpose of avoiding child snatching and parental harassment. Under our holding, however, the hypothetical mother could file a habeas corpus proceeding in Brownsville and force the father to bring the child to Cameron County. Hence, the only inconvenience caused would be to the father who is prima facie in the wrong.

We have considered all of respondents' points of error and they are overruled. Judgment of the trial court awarding possession of Jason to the relator is AFFIRMED.